UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

LAWRENCE HILL

Case No. 17-20400

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

s/ Terrence G. Berg<br>
UNITED STATES DISTRICT JUDGE

Dated:   September 29, 2020

ADDENDUM, CONTINUED FROM PAGE 3

Hill's motion for compassionate release must be denied because it fails to show that extraordinary and compelling reasons exist in support of the request for early release. U.S.S.G. § 1B1.13, comment n.1 (2018).

A review of Hill's medical records indicates that he is a healthy 25-year-old man with no underlying health conditions that would put him at greater risk for COVID-19 complications. *See generally*, ECF No. 83-1, ECF No. 83-2. The Court recognizes why Hill expresses a fear of contracting COVID-19 at FCI Milan. FCI Milan has experienced three COVID-19 related deaths, and the facility has only tested 440 inmates out of its total population of approximately 1,300 as of September 23, 2020. *See* https://www.bop.gov/coronavirus/ (updated daily). As Hill points out, the BOP may well be underreporting the number of positive prisoners in its facilities because many who are infected may be asymptomatic, and their condition will not be discovered due to this undertesting. And the generalized risk of contracting COVID-19 in a facility like FCI Milan, a low-security, dormitory-style prison that is operating above capacity, would be greater. ECF No. 79, PageID.479-87.

But these conditions do not represent the kinds of "other reasons" that the courts have recognized as "extraordinary and compelling." "Ultimately, simply being a federal prisoner without serious medical conditions who *may* contract COVID-19, *may* develop serious symptoms, and *may*, however unlikely, have a reduced chance of contracting the disease and better access healthcare if released are not conditions sufficient to warrant the extraordinary remedy of compassionate release. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Alderson*, No. 18-20348, 2020 WL 4696599, at *4 (E.D. Mich. Aug. 13, 2020) (Cleland, J.) (emphasis in original). At most, Hill has expressed a "generalized concern about contracting COVID-19, which is not an 'extraordinary and compelling reason' satisfying § 3582(c)(1)(A)." *United States v. Boykin-Johnson*, 2020 WL 3428975, at *1-2 (E.D. Mich. June 23, 2020) (Steeh, J.) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (Goldsmith, J.) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type

1

of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission")).

Hill also contends that he is at a higher risk of serious illness because of his race. While there is statistical support for his concern, this fact by itself has not been recognized as an extraordinary and compelling reason warranting his release. *See United States v. Harris*, No. 17-20485, 2020 WL 4788027, at *3 (E.D. Mich. Aug. 18, 2020) (Lawson, J.) (collecting cases); *United States v. Wright*, No. 17-20328, 2020 WL 4791229, at *3 (E.D. Mich. Aug. 18, 2020) (Lawson, J.) ("[A]s other courts have recognized, the fact of an inmate's race itself does not constitute a risk factor for COVID-19 in the same way, as, for instance, an underlying medical condition does.").

Hill points to a handful of cases where courts have granted compassionate release and other relief related to COVID-19 in the absence of a medical condition. ECF No. 79, PageID.487, n.18. But these cases do not present similar circumstances to Hill.

One case relates to pre-sentencing relief, which does not apply to Hill, who is in the middle of serving his sentence. *See United States v. Harris*, No. 19-CR-356, (D.D.C. Mar. 27, 2020). Another case involved a non-binding recommendation to the BOP that the defendant serve the remainder of his sentence on home confinement, not a request for a sentence reduction. *United States v. Vazquez*, 18-CR-20530-Ungaro (S.D. Fla. Apr. 13, 2020). A third case, *United States v. Chestnut*, 09-CR-06071-DGL-MWP, ECF Nos. 923, 925 (W.D.N.Y. Apr. 29, 2020), the court granted a motion for compassionate release and found extraordinary and compelling reasons existed where the defendant was housed at the Metropolitan Detention Center in Brooklyn, New York, had a stable residence available upon release, and was only months away from completing his sentence. The court recognized that the defendant was 35 and did not have any medical conditions that placed him at greater risk of experiencing complications if he contracted COVID-19, casting doubt on the conclusion that extraordinary and compelling reasons existed. Nonetheless, it concluded, in a conclusory fashion, that they did. This

2

Court finds that *Chestnut*, which did not include any reasoning in terms of an "extraordinary and compelling" finding, is not applicable here.

Most relevant of the cases cited by Hill, *United States v. Kelly*, concerned an individual who was granted compassionate release from FCI Oakdale. No. 3:13-CR-59-CRW-LRA-2, 2020 WL 2104241, at *7-8 (S.D. Miss. May 1, 2020) (Reeves, J.). There, the court held that even though the defendant was healthy and in his late 20s, extraordinary and compelling reasons existed because Kelly was housed at a prison that was clearly failing to control a major outbreak of COVID-19 which, at the time, accounted for almost a quarter of COVID-19-related prisoner deaths reported by the BOP. *Id.* In *Kelly*, the Court cited the "growing death toll and the apparent continued spread of the disease at Oakdale I," as extraordinary and compelling reasons. *Id.* at *6. The conditions at FCI Milan, while historically serious because three prisoners have died, cannot reasonably be compared to what was happening at FCI Oakdale, where seven prisoners died and over 200 were infected at one point. The BOP's website indicates that as of September 23, 2020 there are currently no inmates with COVID-19 at FCI Milan.

Hill argues that his positive steps toward rehabilitation should weigh in favor of compassionate release. They do weigh in favor, and the Court commends him for the efforts he has taken, but the Court may not grant compassionate release based on rehabilitation alone. *United States v. McNeil*, No. 01-80361, 2020 WL 3428973, at *2 (E.D. Mich. June 23, 2020) (Steeh, J.) (citing 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.")).

In sum, the Court finds that Hill has not demonstrated extraordinary and compelling reasons warranting a sentence reduction. Thus, the Court does not need to consider whether Hill poses a danger to the community or the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Bradley*, No. 16-20307, 2020 WL 4192545, at *4 (E.D. Mich. July 21, 2020) (Michelson, J.).